**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| KIRKWOOD DARNELL CABINESS, | ) | |
|     Petitioner | ) | Civil Action No. 7:12cv00625 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| HAROLD CLARKE, | ) | By: Norman K. Moon |
|     Respondent. | ) | United States District Judge |

Petitioner Kirkwood Darnell Cabiness, a Virginia inmate proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Cabiness is challenging the computation of his state sentence, and he argues that he should receive credit toward his state sentence for excess time he claims he served on his federal sentence.[1] The Virginia Supreme Court found that Cabiness's claim was procedurally barred pursuant to Virginia Code § 8.01-654(B)(2). I will grant respondent's motion to dismiss because Cabiness's sole claim is procedurally defaulted.

**I.**

Cabiness was taken into federal custody on March 1, 2002. He entered a guilty plea in federal court and was sentenced on April 22, 2003, to 180 months incarceration in federal prison. Meanwhile, Cabiness pleaded guilty in state court to separate offenses, and was sentenced on July 26, 2002, to two consecutive one-year prison terms. Thereafter, effective November 1, 2011, the federal court reduced Cabiness's sentence to 107 months, but in no case less than time served. *See* Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (Docket No. 1-3, p. 6). On November 1, 2011, Cabiness was released from federal custody on

---

[1] It appears that Cabiness was released from state custody on June 27, 2013. (Docket 20-1, p. 22). However, he claims he should have been released on or about September 27, 2012.

detainer to the Virginia Department of Corrections to serve his two year state term of imprisonment. Thus, when the federal court reduced Cabiness's sentence to 107 months, he had already served 116 months in federal custody between March 1, 2002 and November 1, 2011.

Cabiness argues that because he served 116 months in prison, which is nine months in excess of his reduced 107 month sentence, the nine months should be credited against his two year Virginia sentence. On August 27, 2012, Cabiness filed a habeas petition in the Supreme Court of Virginia regarding this jail credit issue. In Cabiness's submissions to the Supreme Court of Virginia, he noted that he had filed a habeas petition in the Circuit Court for the City of Martinsville regarding the same jail credit issue, and that petition was dismissed on July 17, 2012. (Docket 20-3, p. 14) On December 7, 2012, the Supreme Court of Virginia dismissed Cabiness's state habeas petition as successive, pursuant to Virginia Code § 8.01-654(B)(2). Cabiness filed the instant § 2254 federal habeas petition raising the same jail credit claim. Respondent has filed a motion to dismiss, and the matter is ripe for resolution.

## II.

A petitioner procedurally defaults a federal habeas claim when "a state court has declined to consider the claim's merits on the basis of an adequate and independent state procedural rule." *Hedrick v. True*, 443 F.3d 342, 359 (4th Cir. 2006). A state court's finding of procedural default is entitled to a presumption of correctness, provided two foundational requirements are met. 28 U.S.C. § 2254(d); *Clanton v. Muncy*, 845 F.2d 1238, 1241 (4th Cir. 1988). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. *Ylst v. Nunnemaker*, 501 U.S. 797, 802-03 (1991); *Harris v. Reed*, 489 U.S. 255, 259–61 (1989). Second, the state procedural rule must be an independent and adequate state ground for denying relief. *Ford v. Georgia*, 498 U.S. 411, 423–24 (1991); *Harris*, 489 U.S. at 260.

The Supreme Court of Virginia expressly stated in its dismissal order that it was dismissing Cabiness's petition pursuant to Virginia Code § 8.01-654(B)(2). (Docket No. 20-3). Further, Virginia Code § 8.01-654(B)(2), which prohibits successive habeas petitions based on claims that could have been raised in a prior petition, is an independent and adequate state law ground barring federal habeas review. *See Mackall v. Angelone*, 131 F.3d 442, 446 (4th Cir. 1997) (recognizing Virginia's bar on successive petitions as adequate and independent); *see also Walker v. Martin*, 131 S.Ct 1120, 1130–31 (2011).

A federal court may not review a procedurally defaulted claim absent a showing of a fundamental miscarriage of justice or cause and prejudice. *Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012). A court need not consider the issue of prejudice in the absence of cause. *Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995). A petitioner's unfamiliarity with law or a court's procedural rules does not provide a basis for establishing cause. *See, e.g.*, *Harris v. McAdory*, 334 F.3d 665, 668–69 (7th Cir. 2003) (finding that a petitioner's *pro se* status does not constitute adequate ground for cause). Instead, the existence of cause turns on whether there was some factor external to the defense that impeded compliance with the state procedural rule, a novel claim, or an error by counsel. *See Coleman v. Thompson*, 501 U.S. 722, 753–54 (1991); *Clozza v. Murray*, 913 F.2d 1092, 1104 (4th Cir. 1990). Cabiness has not made the required showing of cause and prejudice, as he argues only that he is "unlearned in the law." (Docket No. 12, p. 2).

Further, there is no fundamental miscarriage of justice. Cabiness claims that because he served 116 months in federal prison when his sentence had been reduced to 107 months, the nine-month "overage" should be credited against his two-year Virginia sentence. However, as indicated, the order reducing Cabiness's federal sentence to 107 months specifically provided

3

that his term of imprisonment "is reduced to 107 months, *but in no case to a term of less than time served as of the effective date of this order.*"  (Docket No. 1-3, p. 6) (emphasis added)  The effective date of the order was November 1, 2011, at which time Cabiness had served 116 months.  Accordingly, he was not entitled to a reduction of less than "time served" and he received the full effect of the reduction order.

## III.

Because Cabiness's claim is procedurally defaulted, I will grant respondent's motion to dismiss Cabiness's § 2254 petition.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the parties.

ENTER: this __24th__ day of July, 2013.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE